**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON PUTMAN,

          Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

          Defendant - Appellee.

No. 13-35075

D.C. No. 1:12-cv-00007-CSO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Carolyn S. Ostby, Magistrate Judge, Presiding

Submitted June 2, 2014[**]
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and WHYTE, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ronald M. Whyte, Senior District Judge for the U.S.
District Court for the Northern District of California, sitting by designation.

Jason Putman ("Putman") filed for disability insurance benefits in June 2009, alleging a disability beginning October 1, 2008. The Administrative Law Judge ("ALJ") found Putman not disabled because he could perform unskilled, medium work. The district court affirmed. We affirm the district court's decision because substantial evidence in the record supports the ALJ's finding that Putman is not disabled.

This court reviews a district court's decision upholding the denial of social security benefits de novo. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1172 (9th Cir. 2008). "The Social Security Administration's disability determination should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Social Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Putman argues that the ALJ's decision is not supported by substantial evidence based on five asserted errors the ALJ allegedly committed in evaluating Putman's back and mental health impairments.

Putman argues that the ALJ ignored objective medical evidence of a severe back impairment, improperly disregarded Putman's testimony on back pain, and relied on a vocational consultant's assessment that did not include physical limitations due to back pain. The ALJ did note a November 9, 2009 radiology report which revealed "[e]vidence of early degenerative disc disease at the L2-L3

level." However, the ALJ found that Putman infrequently reported back pain to his doctors, was never prescribed any medication for back pain, and no doctor placed restrictions on his physical activity. The ALJ therefore provided " clear and convincing" reasons for determining that Putman's own back pain testimony lacked credibility. *See Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). Because Putman's subjective account of his back pain and physical limitations were not adequately supported, the ALJ was entitled to rely on the vocational consultant's assessment which did not include those limitations. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). The ALJ's finding that Putman could do a range of unskilled medium work was supported by substantial evidence.

Putman also argues that the ALJ erred in discounting counselor Debbie Webber-Dereszynski's opinion that Putman had mental impairments that preluded him from working. Substantial evidence supports the ALJ's decision to discount Webber-Dereszynski's opinion. First, her opinion was inconsistent with the findings of other medical sources. Drs. Malloy, Nicholson, Bateen, and McFarland all determined that Putman's mental impairments were not severe. Second, Webber-Dereszynski is not an acceptable medical source under 20 C.F.R. § 404.1513(a). "The fact that a medical opinion is from an 'acceptable medical

source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because . . . 'acceptable medical sources' 'are the most qualified health care professionals.'" SSR 06-03p, 2006 WL 2329939. The ALJ adequately explained that he gave less weight to Webber-Dereszynski's opinion because of these two factors.

The ALJ also properly discounted a conclusion drawn by Dr. Martin, which was based on Webber-Dereszynski's records. Dr. Martin testified that Putman "probably" met the criteria for disability if she relied only on Webber-Dereszynski's records, but Putman would not have a disability based on "most" of the records. The ALJ properly gave more weight to the latter conclusion of Dr. Martin because that conclusion considered all of the evidence, rather than just selected portions. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

**AFFIRMED.**